IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 23-cr-118-SE-AJ-01 |
| | ] | |
| TYLER ANDERSON | ] | |

## **SUPPLEMENT TO MOTION TO SUPPRESS**

Defendant, Tyler Anderson, by and through counsel, files this Supplement to his Motion to Suppress and requests the Court to suppress any evidence seized, observed, or extracted, or any fruits of such evidence, that was unlawfully obtained during the search of Anderson's phone. In addition to the facts and arguments set forth in the Motion to Suppress (ECF Doc. No. 16) and incorporated herein, Anderson asserts that the search warrant was overly broad and lacked particularity, in violation of the Fourth Amendment to the U.S. Constitution.

## LAW AND ARGUMENT

"The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The purpose of the particularity requirement is to prevent wide-ranging general searches by the police." *United States v. Lindsey*, 3 F.4th 32, 40 (1st Cir. 2021) (quoting *United States v. Moss*, 936 F.3d 52, 58 (1st Cir. 2019) (internal quotation and citation omitted). "The particularity requirement demands that a valid warrant: (1) must supply enough information to guide and control the executing agent's judgment in selecting where to search and what to seize, and (2) cannot be too broad in the sense that it includes items that should not be seized." *Lindsey*, 3 F.4th at 40 (quoting *United States v. Kuc*, 737 F.3d 129, 133 (1st Cir. 2013) (citing *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999)). The Court's analysis is not constrained to the four corners of the warrant and may consider the circumstances under which the warrant was issued and executed. *Moss*, 936 F.3d at 59.

1

Notwithstanding, the warrant application, unless explicitly incorporated, may not cure a lack of particularity in the warrant itself. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).

In this case, the warrant allowed for the search of Anderson's home and person. Attachment B of the warrant – property to be seized – requested seizure of all evidence related to 18 U.S.C. § 875(c) that occurred on or after December 8, 2023. It then lists computers, storage devices and named a Samsung Galaxy but does not limit a search or seizure to text messages sent on December 8, 2023 or to a certain timeframe, even though the agents knew the alleged threat came via text on December 8, 2023. *See United States v. Diaz*, 841 F.2d 1, 5 (1st Cir. 1988) (where search warrant lacked temporal limitations, "nothing in the warrant guides the executing officer in seizing only those documents for which probable cause existed (i.e., those covering a period of time during which fraud likely was ongoing)"). *See also United States v. Abrams*, 615 F.2d 541, 543 (1st Cir. 1980) ("The warrant at issue fails to meet the requirement of particularity…there is no limitation as to time and there is no description as to what specific records are to be seized."); *United States v. Holcomb*, 639 F. Supp. 3d 1142, 1149 (W.D. Wash. 2022) (finding that the defendant's fourth amendment rights were violated where a search warrant allowed a search of the defendant's entire computer rather than limiting the search to the known timeframe of criminal activity). The First Circuit has expressed that, "[i]n many instances of warrants authorizing the seizure of documents from a general file[,] efforts may also be required to narrow the documents by category, *time periods*, and the like." In re *Lafayette Academy, Inc.*, 610 F.2d 1, 4 n.4 (1st Cir. 1979) (emphasis added).

The capacity of a cell phone for storage and interconnectivity makes the search even more expansive. The General Warrant rummaging prohibited by the Fourth Amendment is particularly stark in a search of cell phones with no meaningful restriction, as is the case here. Given that, in *Riley,* the Supreme Court said that a person has a stronger privacy interest in their phone than in

2

their home, the failure to explicitly authorize a search of phone contents or to limit the scope of that search (e.g., temporal restrictions, types of material such as text messages, etc.) renders the warrant overbroad and insufficiently particular. *Riley v. California*, 573 U.S. 373, 396–97 (2014) (observing that "a cell phone search would typically expose to the government far more than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is").

In short, the warrant's failure to particularize and place available limits on the search permitted a wholesale rummaging through Anderson's entire life, a violation of core Fourth Amendment concerns. The Court should accordingly suppress any evidence seized, observed, or photographed, or any fruits of such evidence obtained during the search of Anderson's phone.

The Government, through AUSA Charles Rombeau, objects.

WHEREFORE, Tyler Anderson respectfully moves the Court to

(a) permit argument at the evidentiary hearing scheduled for March 8, 2024;

(b) suppress any evidence obtained in violation of his Fourth Amendment Right.

.Respectfully submitted,

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar #11292

## CERTIFICATE OF SERVICE

I hereby certify that on the above document was served electronically upon all counsel of record through the CM/ECF filing system.

*/s/ Dorothy E. Graham*
Dorothy E. Graham