UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 23-cr-118-SE-AJ-01 |
| | ) | |
| TYLER ANDERSON | ) | |

**UNITED STATES' MOTIONS *IN LIMINE* TO PERMIT TESTIMONY RE VICTIMS' REACTION TO THREATS**

**A. Background.**

On December 8, 2023, the defendant received a text invitation from the campaign of Vivek Ramaswamy to attend an upcoming campaign event at the Roundabout Diner in Portsmouth scheduled for December 11, 2023. The defendant responded to the text message by threatening to "blow [Ramaswamy's] brains out" and "to kill everyone who attends" the event. The campaign reported the messages to law enforcement. The defendant subsequently was arrested and had his home and cellphone searched pursuant to a warrant issued by this Court. The search revealed similar threats sent by the defendant to two other presidential campaigns during November and December 2023. He admitted to law enforcement to sending the threatening texts and was charged with three counts of sending interstate threatening communications in violation of 18 U.S.C. § 875(c). The defendant moved to suppress the results of the search and the statements he made to law enforcement, arguing that the search was improper, the warrant invalid, and his statements were obtained in violation of his *Miranda* rights. *See* ECF Nos. ___. The defendant also moved to dismiss one of the counts, arguing that the defendant's messages to one campaign constituted protected political speech. After a hearing,

the Court denied the defendant's motions. Trial in this case is set to commence on April 16, 2024.

### B. Discussion.

At trial, the government plans to call several witnesses associated with the campaigns who received or reviewed the threat messages from Anderson. The government intends to elicit testimony from these witnesses as to their reaction and response to the threats. Such testimony is highly relevant to whether the threats were "true threats"—which is an element the government must show to prove a violation of 18 U.S.C. 875(c). In an abundance of caution, the government provides following framework to establish the relevance and admissibility of the anticipated testimony and moves the Court to permit testimony of the victims' reactions and response to the threats.

A "threat" is a serious statement expressing an intent to injure another person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from a political statement, mere idle or careless talk, exaggeration, or something said in a joking manner. *See United States v. Whiffen*, 121 F.3d 18, 23 (1st Cir. 1997). A statement is a "true threat" if it was made under such circumstances that a reasonable person hearing or reading the statement, and familiar with all the objective circumstances under which the statement was made, would understand it as a serious expression of an intent to injure another person. *Id.* A statement "can count as such a threat based solely on its objective content." *Counterman v. Colorado*, 600 U.S. 66, 72 (2023).

While this standard contemplates a "reasonable person" and therefore has an objective element, in true threats cases, the reaction of the actual recipient of the threat is relevant to whether a reasonable person would understand a statement to be a threat. *See United States v.*

2

*Fulmer*, 108 F.3d 1486, 1500 (1st Cir. 1997). In *Fulmer,* the First Circuit stated definitively that a "victim's reactions and actions taken in response to an alleged threat are relevant to the determination of whether a statement is a 'true threat.'" *Id.*, 108 F.3d at 1501. This is because "[t]he actual recipient's reaction to the statement shows that the recipient did perceive the message as a threat. This reaction is probative of whether one who makes such a statement might reasonably foresee that such a statement would be taken as a threat." *Id.*, 108 F.3d at 1500. The First Circuit has also confirmed that "[t]he victim is in a unique position to evaluate the effect of a threat." *United States v. Walker*, 665 F.3d 212, 230 (1st Cir. 2011). And "[w]hile the victim's subjective view is not controlling," the court has repeated that "it is assuredly relevant" to the true threats analysis. *Id.*; *see also United States v. Towery*, No. SA-20-CR-342-XR, 2022 WL 789332, at *1 (W.D. Tex. Mar. 14, 2022) (considering threat recipient's response in a factually equivalent case).

### C. Conclusion

For the reasons stated herein, the Court should grant the relief requested herein.

Respectfully submitted,

Dated: April 9, 2024

JANE E. YOUNG
UNITED STATES ATTORNEY

By: /s/ Matthew P. Vicinanzo
Charles L. Rombeau
Matthew P. Vicinanzo
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
charles.rombeau@usdoj.gov
matt.vicinanzo@usdoj.gov