UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 23-cr-118-SE-AJ-01 |
| | ) | |
| TYLER ANDERSON | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE JURY NULLIFICATION ARGUMENT

**A. Background.**

On December 8, 2023, the defendant received a text invitation from the campaign of Vivek Ramaswamy to attend an upcoming campaign event at the Roundabout Diner in Portsmouth scheduled for December 11, 2023. The defendant responded to the text message by threatening to "blow [Ramaswamy's] brains out" and "to kill everyone who attends" the event. The campaign reported the messages to law enforcement. The defendant subsequently was arrested and had his home and cellphone searched pursuant to a warrant issued by this Court. The search revealed similar threats sent by the defendant to two other presidential campaigns during November and December 2023. He admitted to law enforcement to sending the threatening texts and was charged with three counts of sending interstate threatening communications in violation of 18 U.S.C. § 875(c). The defendant moved to suppress the results of the search and the statements he made to law enforcement, arguing that the search was improper, the warrant invalid, and his statements were obtained in violation of his *Miranda* rights. *See* ECF Nos. 16, 26. The defendant also moved to dismiss one of the counts, arguing that the defendant's messages to one campaign constituted protected political speech. ECF No. 15.

After a hearing, the Court denied the defendant's motions. *See* Dkt. Entries Dated March 8, 2024. Trial in this case is set to commence on April 16, 2024.

### B. Discussion.

The United States moves to exclude any evidence and arguments related to jury nullification. This includes "[a]rguments or testimony" "that the charged conduct should not be a crime or should not be prosecuted," or that the prosecution should "focus on 'worse people' rather than 'going after' the defendant." *United States v. Apicelli*, No. 14-cr-12-JD, 2015 WL 3398139, at *1 (D.N.H. May 26, 2015).

In the federal system it is black-letter law that juries may not independently decide what law applies in a criminal case. A juror's "duty is to apply the law as given to them by the court," and while "jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993). Moreover, "[e]vidence and argument about the defendant's potential punishment is not relevant to guilt or innocence and is an impermissible attempt to move the jury [to] acquit despite the law." *Apicelli*, 2015 WL 3398139, at *1. Accordingly, courts should "block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Id.*; *see also United States v. Gonzalez-Perez*, 778 F.3d 3, 18-19 (1st Cir. 2015); *United States v. Appolon*, 695 F.3d 44, 65 (1st Cir. 2012).

### C. Conclusion

For the reasons stated herein, the Court should grant the relief requested herein.

Respectfully submitted,

Dated: April 9, 2024

JANE E. YOUNG
UNITED STATES ATTORNEY

By: /s/ Matthew P. Vicinanzo
Charles L. Rombeau
Matthew P. Vicinanzo
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
charles.rombeau@usdoj.gov
matt.vicinanzo@usdoj.gov