THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA ]
]
v. ] Cr. No. 23-cr-118-SE-AJ-01
]
]
TYLER ANDERSON

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE OUT-OF-COURT STATEMENTS (ECF #43).**

Tyler Anderson respectfully moves the Court to deny the government's motion in limine seeking to exclude statements Anderson made during his interrogation as contained in Defense Exhibits F and F1. Anderson's statements contained in Exhibits F and F1 provide necessary context and must be admitted to prevent misleading the jury. This request is made pursuant to Fed. R. Evid. 106.

"Rule 106 provides that '[if] a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – <u>that in fairness ought to be considered at the same time</u>." *United States v. Altvater*, 954 F.3d 45, 49 (1st Cir. 2020)(Emphasis in original). The "rule of completeness ordinarily comes into play when a statement is offered to explain another statement that is being admitted into evidence, as it is meant to prevent the jury from being misled by reading or hearing a statement 'out of context.'" *Id*. (internal citations omitted). Accordingly, the rule "allows for the admission of otherwise inadmissible statements only when such statements are 'explanatory' or 'relevant to the admitted passages.'" *Id.*

The government's exhibits include Anderson's full recorded statement, three excerpts from it, and transcripts. *See* Gov't Exhibit 3 series. The excerpts contain Anderson's admission that he sent the text messages to the various campaigns. Specifically, he states the following:

- "So the past few days I have been getting texts from – and even when I try to opt out – they don't- so I have been sending threatening comments and it has stopped the comments, so whenever I tried to say stop – I keep getting them. Gov't Exhibit 3-a-t (id).
- "So. I'm not actually planning on doing of those things – it just was never effective to say stop. As soon as I sent those, they stopped texting." Id.
- "again, I only did it because even if I hit stop they would keep texting me and I was just kind of like you know what? I am sick of this – I am going to go into graphic detail – and like I have said, they have stopped messaging me so – yeah, it was over the top but I just am tired of these political statements." Id.
- "Like I said, whenever I tried to hit stop to those things, they kept texting me and it's annoying – so sending something that graphic -Obviously I didn't realize that this would be a consequence of that." Id.
- "there was never any intent to do this – it was just – every four years I get sick of this – and like I said – whenever I try to ask them to ask them to stop it doesn't happen – eh ah obviously went a little over the top." Gov't Exhibit 3-c-t (id).

Anderson submitted two exhibits which each included excerpts from his recorded statement. Defense Exhibits F and F1. One except includes Anderson's statement "*Again, I*

2

*didn't actually think those would get processed. I was just hoping it would stop the texts, which again, it did."* The second excerpt includes Anderson's statement, *"No, I thought it was just automated texts so, no, that is my fault, sorry."* The government objects to the admission of these statements.

The government wants the jury to hear that Anderson admitted to sending the texts and called them "over the top." Defense Exhibits F and F1 provide context to Anderson's comments and explains his understanding of his actions. Without this context, a jury would tend to believe that Anderson intended or was aware that actual persons would read the texts. As Anderson was admitting to sending texts and apologizing for his conduct, he simultaneously explained where he thought his texts would go or what would happen with them. These statements go hand and hand with those the government seeks to admit and provide a full account. Failure to present the full context would mislead the jury.

**WHEREFORE,** Tyler Anderson respectfully requests that this Honorable Court deny the government's motion and allow admission of Defense Exhibits F1 and F2.

Respectfully submitted,

Date: April 12, 2024

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served to the attorneys of record on the following person on April 12, 2024 and in the manner specified herein: electronically served through CM/ECF.

*/s/Dorothy E. Graham*