THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ] | |
| --- | --- | --- |
| | ] | |
| v. | ] | Cr. No. 23-cr-118-SE-AJ-01 |
| | ] | |
| | ] | |
| TYLER ANDERSON | | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION OF THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 1 AND 2 (ECF # 42)**

Tyler Anderson respectfully submits this brief in opposition of the government's proposed jury instruction regarding the elements of 18 U.S.C. 875(c).

The government's Proposed Instructions No. 1 and 2 impermissibly invite the jury to convict Anderson under the objective standard of negligence twice rejected by *Elonis* and *Counterman*. *See* 575 U.S. 723, 741 (2015) ("Our holding makes clear that negligence is not sufficient to support a conviction under Section 875(c)"), 600 U.S. 66, 78, 82 (2023) ("But the ban on an objective standard remains the same, lest true-threats prosecutions chill too much protected, non-threatening expression"). Under Instruction No. 1, Anderson is guilty where he "consciously disregarded a substantial risk that his communication *would be viewed* as a threat to injure the person of another." ECF #42 at 3. (emphasis added). To determine whether Anderson did so, the government would have the jury consider "*all the circumstances* surrounding the making of the communication," even including the "recipient's response," amongst other factors. *Id*. (emphasis added).

Furthermore, in Proposed Instruction No. 2, the government defines a threat as "a serious statement expressing an intent to injure another person, which under the circumstances would

1

cause apprehension in a *reasonable person*," and that "[a] statement is a 'true threat' if it was made under such circumstances that a *reasonable person* hearing or reading the statement, and familiar with all the objective circumstances under which the statement was made, would understand it as a serious expression of an intent to injure another person." *Id*. at 3 (emphasis added).

The court must reject the government's proposed instructions. Proposed Instruction No. 1 directs a juror to open-endedly conceive of how Anderson's communication "would be viewed" in the totality of the circumstances, thus allowing the juror to arbitrarily choose a vantage point without any regard to information subjectively aware to Anderson. *Id*. at 2. Similarly, Proposed Instruction No. 2 invites jurors to impute their own conceptions of who "another" person or the "reasonable person" may be, and what speech might upset that person's sensitivities. *Id.* at 3. Additionally, Instruction No. 2 allows a juror to determine whether Anderson sent a true threat by considering "all the objective circumstances under which the statement was made," even if Anderson could not have known those circumstances (e.g., how the recipient reacted). *Id.* at 3. Both instructions ignore the basic principle that guilt requires that a defendant " 'know the facts that make his conduct fit the definition of the offense.' " *Elonis*, 575 U.S. at 735 (quoting *Staples v. United States*, 511 U.S. 600, 608, n. 3 (1994)).

Yet the Supreme Court unequivocally rejects true threats charges "turning only on how reasonable observers would construe [the defendant's] statement" because such prosecutions would prompt citizens to so self-censor as to "discourage the "uninhibited, robust, and wide-open debate that the First Amendment is intended to protect." *Counterman*, 600 U.S. at 78. Instead, *Counterman* permits a guilty finding only where Anderson sent the alleged texts despite

knowing that his recipient would feel a "fear of violence." *Id*. at 74, 79-80. What Anderson thought matters, but the government's proposed instructions would have it otherwise. *See Elonis*, 575 U.S. at 738 ("Under these principles, 'what [Elonis] thinks' does matter"). Accordingly, this court must reject the government's proposed instructions.

A hearing is requested.

Respectfully submitted,

Date: April 12, 2024

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
22 Bridge Street, 3rd floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: Dorothy_Graham@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served to the attorneys of record on the following person on April 12, 2024 and in the manner specified herein: electronically served through CM/ECF.

*/s/Dorothy E. Graham*