UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 23-cr-118-SE-AJ-01 |
| | ) | |
| TYLER ANDERSON | ) | |

## **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**

The government responds to defendant's Motion *in Limine* to Exclude Evidence (ECF No. 36) as follows. The United States agrees not to introduce evidence or ask questions about it the defendant's mental condition(s) or about the firearms located at the defendant's apartment in its case in chief. The government will also instruct its law enforcement witnesses not to discuss these topics during testimony on direct examination.

The United States seeks to reserve the right, however, to elicit testimony about these topics with the Court's permission on re-direct examination or otherwise to explain facts that may be raised by the defense. For instance, if on cross-examination, the defense was to question law enforcement's need for an immediate interview with the defendant following his arrest, the fact that multiple firearms were found during the search of the defendant's apartment might be necessary to explain the exigency of subsequent law enforcement action. Alternatively, if the defense were to ask on cross whether the FBI inquired into the defendant's specific vulnerabilities or prior interactions with law enforcement prior to his arrest, the fact that the FBI was aware of and considered the defendant's past wellness check prior to executing the warrant may also become relevant. The government would intend to seek the Court's permission prior to introducing evidence regarding these topics.

Respectfully submitted,

JANE E. YOUNG
UNITED STATES ATTORNEY

Dated: April 12, 2024

By: /s/ Matthew P. Vicinanzo
Charles L. Rombeau
Matthew P. Vicinanzo
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552
charles.rombeau@usdoj.gov
matt.vicinanzo@usdoj.gov